## No. 203.

M. M. S. MacKENZIE VS. J. W. WOOLEY, TAX COLLECTOR, ET AL.

When a district judge recuses himself and calls the judge of an adjoining district to come into his court to try the case, the latter may try and determine the cause *after nine months have elapsed.* The law accords to either party in interest the right to have the *cause* transferred to an adjoining district, if it has not been disposed of within nine months from the date of the recusation; but same is directory only, and does not confer such a right as will become prescribed, if not exercised within time indicated.

A party resisting the enforcement of a special tax as illegal, cannot avail himself of the time that has elapsed during the pendency of his suit to prescribe against it.

Notwithstanding a private cor. oration is *organized* for the double purpose of building a railway and erecting a cotton compress, the former a *public improvement* and the latter a *private enterprise*, a special tax voted in its behalf, in aid of the construction of the former *alone*, is valid.

In the contemplation of Article 242 of the Constitution, and Act 84 of 1880, the property tax payers who are entitled to vote on the levy of a special tax for the purposes therein mentioned, are only those who are entitled to vote at a general election under the election laws of the State.

An ordinance of a municipal corporation that has been actually passed by the council, in the exercise of its authority, and in accordance with all legal requirements, and has

MacKenzie vs. Tax Collector et al.

been duly promulgated and passed into execution, is not invalid because it is not signed by the mayor or president of the council.

An ordinance ordering a vote of the taxpayers on the question of a special tax, though supplemented by an amendment after it is advertised, will not be vitiated thereby; provided, the amendment does not materially affect its essential parts.

If the *rate* of taxation be specified in the petition and ordinance, explicitly enough to fully advise the taxpayers of the object aimed at, it is sufficient.

APPEAL from the Second District Court, Parish of Webster.
Drew, J.

*Snider & Smith* for Plaintiff and Appellant.

Towns are corporations of limited powers and cannot tax except for the very purposes allowed by the law, and in the manner and under the conditions prescribed by law. Cooley on Taxation, 253 and note 1.

Municipalities must confine themselves closely within the powers conferred. Cooley on Taxation, 96, 257 and note; Burroughs on Taxation, 372-3-4, sec. 128; Municipality No. 1, vs. Millaudon, 12 Ann 769; Rabassa vs. Mayor, etc., 3 Martin (o. s.) 218; Municipality No. 3 vs. Johnson, 6 Ann. 20.

The construction of a compress is not a public improvement in purview of Art. 242 of Constitution of Louisiana, and Act 84 of 1880. Cooley on Taxation, 78 and note 1; Ib. 79 and 80 and notes 1 and 2; Ib. 83 and note; Ib. 87 and note; Ib. 90 and note; Burroughs on Taxation, secs. 23, 24, and 25; 58 Maine 590; 4th Cold. (Tenn.) 419, 425; The People ex rel. vs. Salem, 20 Mich. 452; 4 Am Reports, 400.

Act 80 of 1884, must be strictly construed, is mandatory, and a rigid compliance with its provisions is a condition precedent to levy of taxes in pursuance with its provisions. Cooley on Taxation, 254 and notes 1 and 2; Ib. 255 and notes 1, 2, 3, and 4.

*Watkins & Watkins* for Defendants and Appellees:

Unless the purpose for which the tax is levied is unconstitutional or illegal, the Supreme Court is without jurisdiction, unless the amount involved is large enough to give jurisdiction. 36 Ann. 801, Cobb vs. McGuire.

A railroad and a compress are public improvements, under certain circumstances. Burroughs on Taxation, 19 and 20; 2 Robinson 209.

The judge called to try a cause, vice the judge recused, is without jurisdiction after the lapse of nine months to try the cause or to make orders in the original parish. Acts of 1880, No. 40, p. 39, sec. 5; 37 Ann. 392, State ex rel. Fontelieu vs. DeBaillon, Judge et al.

When new parties become interested in a suit they should be cited. When the original defendants become *functus officio* and their successors are neither cited nor appear, the suit on exception, should be dismissed for want of parties litigant.

It is not essential that the mayor sign the town ordinances; but should he, and they become lost or destroyed, parol can be substituted. 2 Ann. 939; Town vs. Andrus, 37 Ann. 699; Acts of 1853, No. 59. pp. 37, 39; Acts 1850 p. 70; Dillon pp. 340, 341, 342, 444, section 450 and notes, and section 331 and notes : 35 Ann. 960, section 3, Duperier vs. Viator.

Property taxpayers entitled to vote are males, over twenty-one, who pay their taxes. Those alone are counted who are entitled to vote. 35 Ann. 961, Duperier vs. Viator, section 4; Constitution of 1879, arts. 184 and 185.

An election is valid when the choice of the majority is fairly expressed. 29 Ann. 614, 625 ; 32 Ann. 987 to 991; Cooley's Constitutional Limitations, pp. 619 to 621.

The opinion of the Court was delivered by

WATKINS, J.   This is an injunction suit in which resistance is made by the plaintiff to an advertised sale of certain personal property of his, for the payment of certain municipal special taxes assessed by the corporation of Minden, and which he complains of as illegal, on the following grounds, viz:

1st.   That same were levied for purpose contrary to the Constitution and laws, in that they were in aid of the construction of the Minden Railroad and Compress Company ; and that "to procure, construct, own and operate machinery and works for compressing cotton" is not a "public improvement."

2d.   That one-third of the property taxpayers of said town, did not petition for the levy of said tax, as required by sec. 1 of Act 84 of 1880.

3d.   That the publication of said petition and the ordinance of the said corporation, directing an election to be held, was not signed officially by the mayor or other proper official thereof. .

4th.   That said election was held prior to the lapse of thirty days from the *first* publication thereof.

5th.   That the proposition submitted to the property taxpayers at said election did not specify the *rate* of taxation, as provided and required by the provisions of Act 84 of 1880.

He avers that said illegal tax is declared to be fixed at five mills, and for a period of ten years, upon all taxable values within that corporation, and although the sum demanded is less than $100, it will, in the future, aggregate a large sum ; and he prays that same be adjudged and decreed illegal.

The town authorities were cited and joined the tax collector in his answer, pleading the general issue, and alleging that "all things were done, and upon due, full and legal notice, and that the election was duly and legally ordered and the levy of the tax sanctioned by a *unanimous* vote of the taxpayers.

I.

Defendant's objection that this Court is without jurisdiction *ratione materiæ* is not good.   37 Ann. 507, 898 ; 38 Ann. 99, 230.

. The judge of the district wherein the suit was filed, recused himself on account of *personal* interest as a stockholder in railway and compress company, and called the judge of the adjoining district to try the case.   The defendant excepted to the capacity of the judge thus called to try the case, and plead the prescription of nine months as a bar to any proceedings in said cause *in the parish of Webster*.

The call was made on the judge who tried the case in the mode in-

dicated in section 3 of Act 40 of 1880, on the 25th of June, 1885, and judgment was rendered on the 29th of June, 1887, more than nine months having elapsed in the *interim*. Section 6 of the act cited directs "that whenever any recused cause, for the trial of which a district judge has been appointed, as provided in sections 2 and 3 of this act, it shall be the *duty* of the district judge to order the *transfer of such cause to the district court of the nearest parish of an adjoining district*, the judge of which is compelled to try the cause," etc.

This exception appears not to have been passed upon by the judge *a quo*, and the trial was proceeded with and judgment rendered. It being unfavorable to the plaintiff he filed a motion for a new trial on the sole ground that it was contrary to law. This exception was manifestly abandoned.

II.

The plaintiff pleads the prescription of one, two and three years against the taxes sought to be collected. They appear to have been assessed in 1883, and became due on the 31st of December of that year. The suit was brought and service accepted on September 18, 1884, and has been since that time pending and untried.

The plea of prescription was filed on the 27th of June, 1887. Three years had not then, and have not at this time, elapsed. But conceding for the argument, that the prescriptible period had elapsed, it could not avail the plaintiff whose injunction against the enforcement of the tax, has prevented its collection in the meanwhile.

III.

The tax complained of as illegal, was assessed in the alleged pursuance of an ordinance passed and an election held under and in conformity with the provisions of Act 84 of 1880, putting in force the 242d article of the Constitution. The latter provides that "the General Asssembly shall have power to enact general laws authorizing the parochial or municipal authorities of the State, under certain circumstances, by a vote of the majority of the property taxpayers in numbers and in value, to levy special taxes in aid of *public improvements*, or railway enterprises; *provided*, that such tax shall not exceed the rate of five mills per annum, nor extend for a longer period than ten years."

Section 1 of the act cited declares that whenever one-third of the property taxpayers of a municipal corporation shall petition it "to levy a special tax in aid of any work of *public improvement* or railway enterprise," it may order a special election for that purpose.

Section 2 provides "that a special tax may be levied by any parish,

city or incorporated town in this State to aid the construction and erection of public buildings, bridges and other works of *public improvement*," etc., and when a "majority of the property taxpayers * * * shall vote therefor."

The name of the private corporation is the " Minden Railroad and Compress Company," and it was organized for the double purpose of erecting and constructing a tap or short line railway connecting with the Vicksburg, Shreveport and Pacific Railroad, and of constructing, operating and maintaining a cotton compress.

The petition of the taxpayers, which is the foundation of all the subsequent proceedings, requests that there be levied " a special tax in aid of a *railway* enterprise to aid in constructing a railroad from Minden to a point of junction with the railroad near J. G. Lanes. To aid the *railroad* called ' Minden Railroad and Compress Company, etc.' "

Preceded by a preamble setting forth the substance of the petition, is an ordinance of the town council directing the question to be submitted to the vote of the property taxpayers.

It bears date May 8, 1883, and the date fixed for the election was the 16th of June following. On the 16th of May, 1883, there was a supplementary ordinance passed amending and re-enacting *section three* of the original ordinance, so as to direct the *manner* of holding the election.

It left the original in full force in all other respects. Without considering other evidence in the record, it appears to have been the manifest and clearly expressed intention of the petitioning taxpayers and council to *limit* and *restrict* the tax to the construction of the *railway*, which is a " public improvement."

This purpose is strengthened by the fact that the contemplated compress has not been constructed and no steps have been taken towards it, notwithstanding all other taxpayers than the plaintiff have paid their taxes.

## IV.

To the petition of the taxpayers there are seventy-nine signatures.

On the list of qualified voters in the corporation of Minden as appears upon the assessment roll of 1883, there are one hundred and eighteen names.

To overcome this certificate of the tax assessor, the plaintiff introduced proof to the effect that there were some young men who owned assessable values that had not been assessed; and that there were some married women and minors who owned property which had not

been assessed; upon the theory that they were property taxpayers in the sense of the Constitution and law.

Articles 242 and 209 being in *pari materia*, must be construed together; and the latter provides that the levying of a special tax shall be "submitted to a vote of the property taxpayers of such parish or municipality *entitled to vote under the election laws of the State.*"

In 35 Ann. 957, Duperier vs. Viator, this Court held, that the property taxpayers entitled to vote are only those who are entitled to vote at a general election.

We are satisfied that more than one-third of the property taxpayers entitled to vote signed the petition.

V.

The original ordinance does not seem to have been signed by the mayor of the town; but the amendment which recites its substance was, and both were advertised and offered in evidence.

In The Town of Opelousas ex rel. C. M. Thompson, President, vs. Andrus, we held that where an ordinance of a municipal corporation had been actually passed by the council in the exercise of its authority and in accordance with all legal requirements, and had been duly promulgated by publication, and had passed into execution, the mere failure of the president to sign it would not invalidate it, unless the legislative intent to the contrary was clear. The proceeding under consideration fulfills all of those requirements and is valid.  1 Dillon, on Mun. Corp. 331 and note.

We can see no force in the plaintiff's contention that " the publication of the petition and ordinance were not signed officially by the mayor." It could certainly be no more important that it should be signed than the ordinance itself.

VI.

From the evidence it appears that the first ordinance and petition were advertised on the 10th of May, 1883, only two days subsequent to the passage of the former.   On the 16th of May following, and prior to the second issue of the weekly newspaper, the amendment was enacted; and thereafter the original and amendment were advertised in each consecutive issue thereof until the 14th of June, 1883.

The law is that the election shall be held " not sooner than thirty days after the official publication of the petition and *ordinance ordering the election.*"   The original ordinance ordered the election and the amendment altered the *method* of it only.

We think the computation was fairly made from the date of the first insertion of the 10th of May, 1883, and the election occurred on the 14th

of June, 1883, the day fixed in the original ordinance—more than thirty days had elapsed.

### VII.

The petition of the property taxpayers submitted the proposition to levy a special tax of five mills *per annum* for ten years, and same was repeated in the ordinance in full compliance with the law.

The plaintiff's objections to the tax are untenable, and for the reasons assigned herein and those assigned in the concurring opinion of Associate Justice Fenner, the judgment appealed from is affirmed with all costs against him.

### CONCURRING OPINION.

FENNER, J. On the point of the power of the judge to try the case, I think the section 6 of the Act of 1880 raises no question of jurisdiction.

The object of the section was simply to hasten the trial of recused cases, and, with that view, it made it the duty of the judge to whom a case is referred, who has neglected to try it within nine months, to transfer it as directed. But this duty is imposed entirely in the interest of the parties and to enable them to secure a speedy trial.

If, notwithstanding the lapse of the nine months, they conclude that their interest and desire for a speedy trial will be promoted by submitting their cause to the judge, without invoking the exercise of his duty to transfer, they have the right to do so, and the judge's jurisdiction is, in no manner, affected.

Otherwise, parties ready and anxious to try their cause and with a judge ready to try it, would be deprived of the right and subjected to the delays of a second transfer, and thus the law would defeat its own sole purpose.

If, after the lapse of the nine months, either party had required the transfer, and the judge had refused, he would have violated his duty, of which we would have compelled the performance by mandamus if applied to.

But, in this case, no such motion has been made, and though an anomalous plea of nine months' prescription was filed some time before the trial, defendant never provoked any action upon it, but went to trial without objection and without any disposition of his plea, which, so far as record shows, has never been acted on. Even in his motion for new trial no complaint is made on this ground.

I consider this an abandonment of it and a voluntary submission to the jurisdiction, which was never divested; and, after thus taking the

chances of the trial, he cannot now be heard to raise or renew this objection.

I concur in the opinion and decree.

## DISSENTING OPINION.

POCHÉ, J. I respectfully dissent from that part of the opinion of the majority which recognizes the authority of Judge Young, to try and determine this case, after nine months had elapsed since the date of the recusation of Judge Drew.

According to the plain and unambiguous language of sec. 5 of Act No. 40 of 1880, the judge to whom a recused case has been referred, is stripped of all power in the premises except to order the transfer of the case to the nearest parish of an adjoining district the judge of whom is competent to try the cause.

The language is peremptory, and was intended to be mandatory; the act reads that if the cause referred to him has not been tried within nine months, "*it shall be the duty* of the district judge to order the transfer of the *such cause*," etc., (italics are mine.)

Nothing in the section or in the whole act justifies the argument that an application from either of the parties to the cause is necessary to put the power or duty of the judge to order the transfer in motion. As soon as the nine months have elapsed the judge becomes *functus officio* for all purposes for the trial and disposition of the cause, in which he can render no valid judgment.

But in this case a formal objection was made to the judge's authority to try the cause, and all acts of his in the premises after such protest should be treated as absolutely null and void, save and except the order of transfer which he should have made.

Such is the clear inference to be drawn from the decision of this Court in the case of Fontelieu, 37 Ann. 392.

When plaintiff's protest was presented it became the duty of the judge to order the transfer of the cause to the nearest parish of an adjoining district, the judge of which was competent to try the cause, and we must take judicial cognizance of the fact that the parish of Webster is surrounded by three such districts.

It is no answer to the positive mandate of the law to argue that, as plaintiffs went to trial without insisting on a trial of their protest or exception, they had abandoned or waived it. Consent cannot invest an incompetent judge with legal authority or capacity.

Under these views, I take no part in the decree.

Mr. Justice Todd concurs in this opinion.